UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| THE MAPES PIANO STRING COMPANY | ) ) ) | |
| v. | ) ) | NO. 2:05-CV-68 |
| USF DUGAN, INC. | ) ) ) | |

**O R D E R**

This civil action is before the Court on the defendant's motion to dismiss the plaintiff's claims of breach of contract, common law negligence and violation of the Tennessee Consumer Protection Act by reason that these causes of action are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 *U.S.C.* § 14706. [Doc. 4]. The plaintiff (Mapes) sues the defendant (USF Dugan) as the result of damage to a shipment of musical strings USF Dugan undertook to transport for Mapes and which were picked up at Mapes' Elizabethton, Tennessee facility. Because this Court finds that the claims of Mapes are preempted by the Carmack Amendment, the motion will be GRANTED.

In 1906, Congress enacted the Carmack Amendment so as to create a national policy regarding an interstate carrier's liability for property loss. *New*

*York, New Haven &Hartford Railroad Co. v.Nothnagle*, 346 U.S. 128, 131, 73 S. Ct. 986, 97 L.Ed. 1500(1953). The Sixth Circuit has held that the Carmack Amendment preempts state and common law claims and remedies for cargo damaged in interstate transport. *W.D. Lawson & Co. V. Penn Central Co.,* 456 F2d 419, 421 (6th Cir. 1972). Accordingly, the Carmack Amendment provides the exclusive remedy for an action for damages against a delivering carrier. *See Jackson v. Brook Ledge, Inc.,* 991 F.Supp. 640(E.D. Ky. 1997).

The Plaintiff makes a compelling argument that the Carmack Amendment does not preempt its causes of action, particularly those under the Tennessee Consumer Protection Act for actions arising prior to or after the time the parties entered into this contract, citing to a well reasoned Texas Court of Appeals opinion. The Defendant relies on a 1993 decision of this Court for the proposition that the Carmack Amendment does preempt the plaintiff's state law causes of action, including its claim under the Tennessee Consumer Protection Act. *Malone v. Mayflower Transit, Inc.*, 819 F. Supp. 724 (E.D. Tenn. 1993). In that opinion, this Court dismissed the plaintiff's claim under the Tennessee Consumer Protection Act, finding that it was preempted by the Carmack Amendment. Mapes argues that *Malone* is inapplicable because the facts regarding plaintiff's claims were not disclosed in the opinion, submitting that the plaintiff's Tennessee Consumer

Protection Act claim must not have been independent of the claim covered by the Carmack Amendment as it argues is the case with its claim. Recently, however, this Court once again held that a Tennessee Consumer Protection Act claim is preempted by the Carmack Amendment despite a plaintiff's similar argument that the cause of action was not preempted. *Grehan v. American Holiday Van Lines, Inc.*, 2005 W.L. 1242061 (E.D. Tenn. 2005). In *Grehan*, the Court found that "[i]t is well settled that the Carmack Amendment preempts state, common law and statutory causes of action relating to the shipment of goods by interstate carriers. The Court has found no controlling or persuasive authority to suggest that plaintiff's claims under the TCPA should not also be preempted by the Carmack Amendment." *Id.* at * 2 (citations omitted).

Despite the plaintiff's insistence that its Tennessee Consumer Protection Act claim is separate and apart from its claim under the Carmack Amendment, it is clear that the two are intertwined, as the alleged deceptive representations made by the defendant were made in the course of the parties contracting for the shipment of goods in interstate commerce. Further, to hold that the plaintiff's Tennessee Consumer Act claims are not preempted would be contrary to the purpose of the Carmack Amendment, which was enacted to create uniformity of law with respect to damaged cargo and the rights and liabilities of the parties involved, as opposed

3

to subjecting interstate carriers to unique causes of action permitted by each state's laws. *See New York, New Haven and Hartford Railroad Co.* at 131.

Accordingly, the defendant's motion to dismiss is **GRANTED**, and the plaintiff's second, third, and forth claims set forth in its Complaint are **DISMISSED**. [Doc. 4]. It is further **ORDERED** that the plaintiff's request that it be permitted to amend its complaint to set forth a cause of action for negligent misrepresentation is **DENIED**, by reason that the cause of action is likewise preempted by the Carmack Amendment.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE